UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TREVOR J. BENTLEY,

    Plaintiff,

v.        Case No: 6:21-cv-226-DCI

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

ORDER

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying his application for supplemental security income. In a decision dated July 24, 2020, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, from November 27, 2018, the date the claim was filed, through the date of the decision (20 CFR 404.1520(g)). R. 24.

Having considered the parties' joint memorandum and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

    **I.**    **Issues on Appeal**

Claimant makes the following argument on appeal: The ALJ did not properly consider Dr. Padron's medical opinion. Doc. 40 at 13.

    **II.**    **Standard of Review**

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards.

> Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

### III.   Discussion

At step four of the sequential evaluation process, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c); 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of the treating, examining, and non-examining medical sources. 20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).[1] The consideration of medical source opinions is an integral part of steps four and five of the sequential evaluation process.

---

[1] Here, in assessing the Claimant's RFC, the ALJ stated:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can have no use of ladders, ropes, or scaffolds and cannot kneel or crouch. He can occasionally climb ramps and stairs, occasionally balance, and occasionally crawl. The claimant can frequently stoop. He is limited to frequent reaching and overhead reaching with the right upper extremity. The claimant is limited to frequent exposure to vibration, and frequent use of moving machinery and exposure to unprotected heights.

R. 19.

The Social Security Administration revised its regulations regarding the consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). Because Claimant filed her claim after March 22, 2017,[2] 20 C.F.R. § 404.150c and 20 C.F.R. § 416.920c are applicable in this case. Under these provisions, an ALJ must apply the same factors in the consideration of the opinions from all medical sources and administrative medial findings, rather than affording specific evidentiary weight to any particular provider's opinions. 20 C.F.R. §§ 404.1520c(a); 416.920c(a). The ALJ must consider: 1) supportability; 2) consistency; 3) relationship with the claimant;[3] 4) specialization; and 5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5).

Supportability and consistency constitute the most important factors in any evaluation, and the ALJ must explain the consideration of those two factors. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). Supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record.[4] In other words, the ALJ's analysis is directed to whether the medical source's opinion is supported by the source's own

---

[2] Claimant filed his claim on November 27, 2018. R. 16.

[3] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extend of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

[4] The regulations provide, in relevant part, that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s)," and "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1)–(2); 416.920c(c)(1)–(2).

records and consistent with the other evidence of record—familiar concepts within the framework of social security litigation.

The ALJ may, but is not required to, explain how the ALJ considered the remaining three factors (relationship with claimant, specialization, and "other factors"). 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2); *see also Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-CV-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) ("The new regulations are not inconsistent with Eleventh Circuit precedent holding that 'the ALJ may reject any medical opinion if the evidence supports a contrary finding.") (quoting *Wainwright v. Comm'r of Soc. Sec. Admin.*, 2007 WL 708971, *2 (11th Cir. Mar. 9, 2017) (per curiam) and citing *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam) (same)).

As an initial matter, it bears noting that much of Claimant's argument is comprised of case illustrations. But beyond providing these illustrations, Claimant does not clearly connect those cases to the instant case. For instance, Claimant cites portions of *Schink* dealing with the "good cause" standard for discounting treating physician opinions under the old regulations. Doc. 40 at 17–18; *Schink v. Commissioner of Soc. Sec.*, 935 F.3d 1245, 1262–1263 (11th. Cir. 2019) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) and *MacGregor v. Bowen*, 786 F.2d 1050, 1053–1054 (11th Cir. 1986)). As Claimant does not explain if, or how, the good cause standard applies under the new regulations (i.e., to this case), the Court finds this reliance unpersuasive.[5]

The ALJ stated the following with respect to Dr. Padron's opinion:

The claimant's provider John Padron, M.D. opined in May 2020 that the claimant could sit for one hour, stand for one hour, and lie down for six hours out of an eight-hour workday, would be off-task more than twenty-five percent of the workday and

---

[5] This same reasoning also applies to Claimant's reliance upon *Sampson*. Doc. 40 at 16–17; *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 735–737 (11th Cir. 2017).

> absent three or more times per month, could lift up to ten pounds occasionally, never climb or stoop and occasionally balance, crouch, kneel, and crawl, was limited in pushing, pulling, and reaching, and was on medications causing drowsiness (7D). This opinion is not supported by the doctor's treatment notes showing the claimant to be doing well without side effects from medications or new complaints (6D/1-12, 4F/1). This opinion overstates the claimant's limitations and is inconsistent with the evidence showing the claimant to have normal gait and strength (5F/3-6). I find this opinion unpersuasive.

R. 21.

Claimant relies upon *Simon* and *Tavarez* for the proposition that the ALJ should have explicitly considered Claimant's fluctuating symptoms in evaluating the RFC. Docs. 40 at 18–19; 41 at 3;); *Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1106 (11th Cir. 2021); *Tavarez v. Comm'r of Soc. Sec.*, 638 F. App'x 841, 847–848 (11th Cir. 2016). The Court finds that these cases are distinguishable. For instance, *Simon* arguably stands for this proposition, but only as it relates to mental disorders—especially bipolar disorder. *See Simon*, 7 F.4th at 1106 (11th Cir. 2021) ("Many mental disorders—and bipolar disorder in particular—are characterized by the unpredictable fluctuation of their symptoms, and thus it is not surprising that even a highly unstable patient will have good days or possibly good months.").[6] Here, Claimant has not contended that the ALJ improperly considered any mental disorder. *Tavarez* is likewise distinguishable. For instance, the cited discussion from *Tavarez* dealt with the "good cause" standard under the old regulations, and Claimant has not explained if, or how, the good cause standard applies under the new regulations (i.e., to this case). *Tavarez*, 638 F. App'x at 848 (11th. Cir. 2016). Further, in *Tavarez* the ALJ relied upon the claimant's fluctuating symptoms in finding a doctor's opinion

---

[6] Tellingly, Claimant omits the portion of this quotation that states it applies to mental disorders. *Compare* Doc. 41 at 3 *with Simon*, 7 F.4th at 1106 (11th Cir. 2021).

unpersuasive. Here, the ALJ did not rely upon Claimant's fluctuating symptoms in finding Dr. Padron's opinion unpersuasive.

Rather, the ALJ found that Dr. Padron's limitations were unpersuasive as they were not supported by Dr. Padron's treatment notes and they were inconsistent with other medical evidence of record. *Id.* The ALJ found that Dr. Padron's limitations were "not supported by the doctor's treatment notes showing the claimant to be doing well without side effects from medications or new complaints (6D/1-12, 4F/1)." *Id.* The cited records do repeatedly state that Claimant was "doing well" and that Claimant had no side effects from medication.[7] R. 164–175. The ALJ also found that Dr. Padron's "opinion overstates the claimant's limitations and is inconsistent with the evidence showing the claimant to have normal gait and strength (5F/3-6)." *Id.* The cited evidence was from a consultative examination conducted by Dr. Yazdani which did contain these findings. R. 397–400.

Thus, the ALJ properly considered the required factors of supportability and consistency.[8] Claimant's arguments to the contrary essentially ask the Court to reweigh the evidence, which is not this Court's function. *Winschel*, 631 F.3d at 1178 (11th Cir. 2011).

---

[7] Claimant points to portions of Dr. Padron's treatment notes that are arguably consistent with Dr. Padron's limitations. But whether these records are arguably consistent with Dr. Padron's limitations is largely unhelpful in determining whether the ALJ's contrary finding is nonetheless supported by substantial evidence. When the record supports multiple readings and the ALJ's chosen reading is a permissible one, the Court must affirm; this is true even if the ALJ's chosen reading is preponderated against by a contrary reading. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–1159 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence.") (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

[8] Claimant argues that the ALJ erred in not explaining his consideration of the treatment relationship, specialization, and "other factors." The Court finds this argument unpersuasive. Under the new regulations, an ALJ is not required to explain consideration of these factors. *See* 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2); *see also Freyhagen*, No. 3:18-CV-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019).

As a final matter, it appears that Claimant argues that the ALJ also failed to consider Claimant's testimony. Doc. 40 at 18. This argument is perfunctory and therefore waived. *See Whitten v. Soc. Sec. Admin., Comm'r*, 778 F. App'x 791, 793 (11th Cir. 2019) ("For an issue to be adequately raised in the opening brief, it must be plainly and prominently raised and must be supported by arguments and citations to the record and to relevant authority.") (citing *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014)). But even addressing this argument, the ALJ did properly consider claimant's testimony.[9] Thus, the Court finds no error here.

IV. Conclusion

The Court does not make independent factual determinations, re-weigh the evidence or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on de novo review; rather, the Court's review is limited to determining

---

[9] Specifically, the ALJ stated that:

> As for the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, the claimant's conditions do give rise to some limitations. However, the evidence of record does not support loss of functioning to the extent alleged. The claimant's alleged general difficulty with bending, standing, sitting, walking, lifting, and reaching overhead are consistent with his back and shoulder impairment, but his specific allegations of being unable to stand, walk, or sit for more than five to ten minutes and being unable to lift a gallon of milk are inconsistent with his normal gait and full upper and lower extremity strength (5F/3-6). The claimant's statement that he did not receive sufficient relief from his pain medication is inconsistent with treatment notes documenting that the claimant was doing well and was able to perform his normal living activities with controlled pain (6D/1-12, 4F/1). Overall, I find the claimant's statements regarding the intensity, persistence, and limiting effects of his symptoms to be only partially consistent with the evidence and unsupportive of additional limitations.

R. 21.

whether the ALJ's findings are based on correct legal standards and are supported by substantial evidence.  Applying this standard of review, the Commissioner's decision is due to be affirmed.

For the stated reasons, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**ORDERED** in Orlando, Florida on May 17, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE